**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **RONALD VAN HOOK** | **CIVIL ACTION NO. 3:26-02732** |
| **VERSUS** | **JUDGE JERRY EDWARDS, JR.** |
| **DAMON STIHL SMITH, ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Pending before the Court are several motions: (1) a Motion for Calder H. Lamb to Enroll as Counsel and for an Extension of Time to Answer Amended Complaint [doc. #35] filed by Defendant Brian Frazier, in his capacity as a partner with the law firm of Mixon, Carroll, & Fraizer, LLC; (2) a Motion to Preserve Evidence [doc. #36] filed by Plaintiff Ronald Van Hook ("Plaintiff" or "Van Hook"), acting pro se; (3) a Motion to Set Aside Entry of Default and for Extension of Time to File Responsive Pleadings [doc. #37] filed by Defendants Bailey Lane Minchew ("Minchew") and Zoie Kaitlynn Howard ("Howard") (collectively, the "Seller Defendants"); (4) Motion To Set Aside Entry Of Default and for Extension of Time to File Responsive Pleadings [doc. #38] filed by Defendant Paul Wilkins; (5) Motion to Set Aside Entry of Default and for Extension of Time to File Responsive Pleadings (Official Capacity Only) [doc. #39], as amended [doc. #61] filed by Defendant Brian Frazier; and (6) Motion to Set Aside Default [doc. #53] filed by Defendant J. Graham Gault.

## BACKGROUND

Van Hook brought this lawsuit on July 27, 2026, via a 48-page Complaint [doc. #1] asserting claims against Defendants Damon Stilh Smith ("Smith"); Jerry Brown ("Brown") and Brown Realty Co. Of Rayville, Inc. ("Brown Realty"); J. Graham Gault ("Gault"); the Honorable Brian E. Frazier in his official capacity as District Attorney and individually in his private capacity as a partner of Mixon, Carroll & Frazier, PLC ("Frazier"); James L. Carroll ("Carroll") and Mixon, Carroll & Frazier, PLC; the Honorable Ashley P. Thomas ("Judge Thomas"), in his official capacity as District Judge of the Thirty-Seventh Judicial District Court; the Honorable Jimmie C. Peters ("Judge Peters"), in his official capacity as Judge Ad Hoc of the Thirty-Seventh Judicial District Court; the Clerk of Court for the Thirty-Seventh Judicial District Court "in their official capacity"; John B. Saye ("Saye") and Hammonds, Sills, Adkins, Guise [sic], Noah & Perkins, LLP ("Hammonds, Sills"); Paul B. Wilkins ("Wilkins"); Bailey Lane Minchew ("Minchew"); and Zoie Kaitlynn Howard ("Howard"). On August 4, 2026, Van Hook filed an Amended Complaint [doc. #3] as of right, which was 57 pages long.

Van Hook's claims arise from his purchase of real estate in Caldwell Parish, Louisiana. He asserts civil rights claims against Defendants under 42 U.S.C. § 1983, alleging that his First and Fourteenth Amendment rights were violated, as well as claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO), 18 U.S.C. §§ 1961, 1962, and 1964(c). Effectively, Van Hook claims that Defendants conspired and/or acted in concert to conceal defects to the property and

did so over MLS listings on various sites. He seeks a declaratory judgment, injunctive relief, and damages.

On September 21, 2026, Van Hook filed a motion for a Temporary Restraining Order and for Preliminary Injunction [doc. #6].

On September 25, 2026, Van Hook filed a motion for leave to file a second amended complaint [doc. #14]. That motion remains pending.

On October 2, 2026, Defendants Saye and Hammonds, Sills filed a Motion to Dismiss [doc. #21]. That motion remains pending.

On October 13, 2026, the undersigned issued a Memorandum Order [doc. #29] to address several pending motions. That order provides in pertinent part:

> . . . all Defendants who have appeared in this matter, generally or specially, are granted an extension of time up to and including November 16, 2026, to file any opposition to Plaintiff's Motion for Leave to File Second Amended Complaint. The undersigned has already granted an extension to November 16, 2026, for Defendants Ashley P. Thomas and Jimmie C. Peters on the basis of good cause, and no order will issue until after that deadline. It is my intent to set a consistent deadline for all Defendants to respond to the pending Motion for Leave to File Second Amended Complaint if they wish to do so.
>
> Further, as noted, it makes little sense for a defendant to respond to the Amended Complaint while the Motion for Leave to File Second Amended Complaint remains pending. Therefore, all Defendants are also granted an extension of time of twenty-one days from the date an order on Plaintiff's Motion for Leave to File Second Amended Complaint issues to file an answer or responsive pleading to either the Amended Complaint (if Plaintiff's motion is denied) or to the Second Amended Complaint (if Plaintiff's motion is granted). To the extent that moving Defendants sought different relief, their motions are DENIED.
>
> Finally, to the extent that this Order is inconsistent with a prior electronic order [doc. #28], that order is VACATED, so that all

> Defendants also have the same deadline for filing an answer or other responsive pleadings to either the Amended Complaint or Second Amended Complaint once an order issues.

[doc. #29].

Also on October 2026, Van Hook sought and obtained entry of defaults, through the Clerk of Court, against Defendants Frazier, Gault, Howard, Minchew, and Wilkins. [doc. #34]. The filing of the instant motions under consideration then ensued.

The Court will consider each of the motions in turn, but considers the motions as a group as needed for judicial economy.

## LAW AND ANALYSIS

### A. Motion to Enroll Counsel and for Extension of Time to Respond

First, to the extent that Defendant Frazier, in his capacity as a partner in Mixon, Carroll & Frazier, LLC, moves for Calder H. Lamb to Enroll as Counsel on his behalf and for an Extension of Time an Extension of Time to Answer Amended Complaint [doc. #35], the motion is GRANTED, and consistent with the Court's prior rulings, Frazier is granted an extension up to and including November 16, 2026, to file any opposition to Plaintiff's Motion for Leave to File Second Amended Complaint. As previously noted, it makes little sense for a defendant to respond to the Amended Complaint while the Motion for Leave to File Second Amended Complaint remains pending. Therefore, Frazier is also granted an extension of time of twenty-one days from the date an order on Plaintiff's Motion for Leave to File Second Amended Complaint issues to file an answer or responsive pleading to

either the Amended Complaint (if Plaintiff's motion is denied) or to the Second Amended Complaint (if Plaintiff's motion is granted).

**B. Motions to Set Aside Defaults and for Extensions of Time to Answer or Otherwise Respond**

The undersigned next considers all motions seeking, in whole or in part, to set aside defaults entered against Defendants Frazier (in his capacity as District Attorney), Gault, Howard, Minchew, and Wilkins.

Federal Rule of Civil Procedure 55 authorizes district courts to enter a default judgment against a defendant who fails to respond to an action. *Doe v. d'Arros,* Civ. Action No. 21-0430, 2024 WL 217849, at *9 (W.D. La. Jan. 19, 2024) (citing FED. R. CIV. P. 55(A)-(B)). The process for default is comprised of two steps: an entry of default by the Clerk of Court, and then, after the passage of at least fourteen days, consideration of a default judgment. *Jefferson v. Louisiana Dep't of Pub. Safety & Corr.*, 401 Fed. App'x. 927, 929 (5th Cir. 2010); L.R. 55.1. Nonetheless, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citation omitted).

"Federal courts generally disfavor default judgments, preferring to resolve disputes according to their merits." *Harper Macleod Solics. v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001). An "extreme situation" is required to warrant default judgment. *Gaff v. MSNI Advantage, L.P.*, No. 21-11079, 2022 WL 16757074, at *2 (5th Cir. Nov. 8, 2022).

Further, under Federal Rule of Civil Procedure 6(b), the trial court has broad discretion to accept late-filed answers "where the failure to act was the result of excusable neglect." FED. R. CIV. P. 6(b). The requirements of Rule 6(b) are "quite flexible, and the [court] enjoys broad discretion to grant or deny an extension." *Mandawala v. Struga Mgmt.*, No. 21-50644, 2023 WL 2712500, at *3 (5th Cir. Mar. 30, 2023).

In this case, each of the Defendants moves to set aside the default and either answer or file responsive pleadings. First, Defendants are not "unresponsive," but actually seek to respond to Plaintiff's allegations against them. *See generally Gaff,* 2022 WL at *2 (finding that default was not warranted because, in part, the defendants "were not unresponsive[.]").

Additionally, Defendants' defaults do not appear willful, setting aside the entry of default poses little prejudice to Petitioner, and Defendants have at least some meritorious defenses. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) ("To determine whether good cause to set aside a default exists . . . we have found it useful to consider three factors . . . : whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."). Howard and Minchew do not appear to contest service, but declare that they were attempting to retain counsel and could not find an attorney until recently. [doc. #s37-1 & 37-2]. Wilkins, a lawyer, explained that someone had previously attempted to serve him at his former law office, which was not legally proper, but then the process server delivered the complaint and summons to his

wife at home. While he does not contest the validity of this service, he explained that he was confused by the prior issue and "did not appreciate that a responsive-pleading deadline had been triggered." [doc. #38-1]. Gault declares that he was properly served, but had not ever been sued before and did not realize he needed to respond, but instead reported the claim to his insurer. [doc. #53-2]. Finally, Frazier explained that, "as an official serving as District Attorney, the claim asserted against him in his official capacity is limited to prospective declaratory relief arising from acts alleged to have occurred in connection with that office. His failure to file a timely responsive pleading in his official capacity resulted from the need to identify and retain separate counsel to appear on behalf of that office—a capacity distinct from any private representation—and not from any intent to disregard these proceedings." [doc. #61]. In his declaration, he also explains that he though  responsive pleadings would be filed at the same time the law firm Defendant answer. [doc. #39-1].

As to prejudice, the Fifth Circuit has stated: "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case. It has decided nothing against it except that it cannot continue to hold the sweeping [relief] it obtained ... without a trial and by default. All that ... has [been] done is to give the defendants their day in court.'" *Lacy,* 227 F.3d at 293. Here, the Court should decide this proceeding on its merits. While Plaintiff has suffered some delay, he currently has pending a Motion to Amend, seeking to file a second amended complaint, and all Defendants have or will be

given a deadline to respond to that motion. At least one Defendant has also filed a Motion to Dismiss which must also be decided. Thus, setting aside these entries of default simply do not prejudice Plaintiff.

Finally, Defendants have at least some meritorious defenses. For example only, Frazier, as the District Attorney, may be entitled to assert the defense of qualified immunity. That is not to say that one or more of the Defendants will prevail on any defense; rather, it would appear to the undersigned that there are defenses of arguable merit as to all Defendants. Thus, there is good cause to set aside the entry of default. *See Alston v. Prairie Farms Dairy, Inc.*, No. 21-60465, 2022 WL 1114411, at *1 (5th Cir. Apr. 14, 2022) ("[T]he district court did not abuse its discretion when it found that good cause existed to set aside the default based on the prompt action and explanation provided by Prairie Farms and the lack of evidence that the default was willful.").

Thus, for all of these reasons, IT IS ORDERED that the Motion to Set Aside Entry of Default and for Extension of Time to File Responsive Pleadings [doc. #37] filed by Defendants Minchew and Howard, the Motion to Set Aside Entry of Default and for Extension of Time to File Responsive Pleadings [doc. #38] filed by Defendant Wilkins, the Motion to Set Aside Entry of Default and for Extension of Time to File Responsive Pleadings (Official Capacity Only) [doc. #39], as amended by [doc. #61], filed by Defendant Frazier, and the Motion to Set Aside Default [doc. #53] filed by Defendant Gault are all GRANTED IN PART AND DENIED IN PART.

The motions are GRANTED to the extent that the entries of default are SET ASIDE as to each of these Defendants.

The motions are also GRANTED to the extent that Defendants seek extensions of time to answer or respond. Defendants are granted an extension of time up to and including November 16, 2026, to file any opposition to Plaintiff's Motion for Leave to File Second Amended Complaint. For the reasons previously addressed, all Defendants are also granted an extension of time of twenty-one days from the date an order on Plaintiff's Motion for Leave to File Second Amended Complaint issues to file an answer or responsive pleading to either the Amended Complaint (if Plaintiff's motion is denied) or to the Second Amended Complaint (if Plaintiff's motion is granted). To the extent that moving Defendants sought different relief, their motions are DENIED.

**C. Van Hook's Motion to Preserve Evidence**

Van Hook moves the Court for "emergency" relief to preserve evidence. [doc #36]. The motion has not been opposed.

Van Hook explains that the "baseline physical and structural condition of [his property at] 580 Templeton Bend Rd. is a core issue in this litigation." [doc. #36-1]. He contends that the property was marketed across "national portals (including Zillow and MyStateMLS Listing #11433662) as being on a concrete slab and built in 1985, contradicting the official tax records establishing a 1958 build date and the actual pier-and-beam construction." *Id.* He further contends that these

descriptions were imported from a 2022 foreclosure liquidation notice, through which the sellers, Minchew and Howard, acquired the property.

Van Hook explains that an appraisal was performed by Timothy A. Touchet and appraisals protocols "generate preliminary property preservation reports, vendor work orders, and initial inspection logs" before the appraisal is finalized. *Id.* at p. 2. Van Hook raises concerns that Touchet, Cadence Bank, or their "asset management contractors" may have such documents. He further raises concerns that RE-Max Premier Realty or Touchet may purge files "destroying the digital chain of custody" because appraisers are only required to keep files for five (5) years under Louisiana law, and that five-year window expires in early 2027.

Van Hook reports that he attempted to request the retention of the 2022 listing file, but was told by RE/MAX Premier Realty that the listing agent had left the firm, and the file was no longer in the office's possession. [doc. #36-1, p. 2]. He further reports that Smith and Saye "in parallel proceedings" have maintained that Smith does not possess the records either. *Id.* at p. 3.

Van Hook then argues that the district court maintains broad discretion and inherent power to order preservation to protect the integrity of proceedings and prevent spoliation.

Courts have the inherent power to issue orders to preserve evidence, but the test to apply for such preservation orders has been debated. *See Deggs v. Fives Bronx, Inc.,* No. CV 19-406-BAJ-EWD, 2020 WL 3100023, at *2 (M.D. La. June 11, 2020) (listing tests used). Nevertheless, the problem is in this case is, by Van

Hook's own admission, no party, individual, or entity has confirmed that the evidence sought to be preserved actually exists. Certainly, Smith and Saye, as Defendants and because of the so-called parallel proceeding, are well aware that Van Hook seeks this information and thus have a duty to maintain the records **if they have them**, but Van Hook admits that they deny having such records at this time. Likewise, RE-MAX has told Van Hook that they do not have the records either. He further contends that Touchet, Cadence Bank, or unidentified "asset management contractors" **may** have such documents, but it is unclear if he has attempted to confirm that information.

To the extent that any party to this lawsuit has the sought-after documents and they are relevant to the case, Van Hook may obtain them through the traditional discovery process. Further, the parties are likewise under an obligation already to maintain documents relevant to this lawsuit. *See Hunter v. Sterling,* No. CIV.A. 08-0835-JVPDL, 2009 WL 4348660, at *1 (M.D. La. Nov. 24, 2009) (". . . all litigants are obligated to take appropriate measures to preserve documents and things which are [discoverable] and are likely to be requested during discovery."). And this Court, like the *Hunter* Court, is "confident that counsel for the defendants will advise [their] clients of the requirement that they preserve relevant evidence and will admonish them of the potential dire consequences resulting upon violation of this duty."). *Id.*

With regard to the non-party, RE-MAX, that entity has affirmatively denied that it has the evidence. Thus, there is no evidence to preserve.

Finally, with regard to the non-parties, Touchet, Cadence Bank, the asset management contractors, it is unclear what, if any, evidence these persons or entities have that may need to preserved. It is also not entirely clear to the undersigned what Van Hooks seeks to have preserved.

Thus, for all of these reasons, IT IS ORDERED that Van Hook's motion to preserve evidence is DENIED. If Van Hook confirms that Touchet, Cadence Bank, and/or the unidentified asset management contractors have (or at least potentially have) relevant evidence to be preserved and he can clearly identify that list of evidence to the Court, then the Court would consider issuing a preservation order. Based on the statutory requirements, these persons and entities currently remain under a preservation duty.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED that the Motion for Calder H. Lamb to Enroll as Counsel and for an Extension of Time to Answer Amended Complaint [doc. #35] filed by Defendant Brian Frazier, in his capacity as a partner with the law firm of Mixon, Carroll, & Fraizer, LLC is GRANTED. Mr. Lamb is enrolled as Frazier's counsel in his capacity as a partner at Mixon, Carroll, & Frazier, LLC. Frazier is granted an extension of time up to and including November 16, 2026, to file any opposition to Plaintiff's Motion for Leave to File Second Amended Complaint. Further, Frazier is granted an extension of time of twenty-one days from the date an order on Plaintiff's Motion for Leave to File Second Amended Complaint issues to file an answer or responsive pleading to either the Amended Complaint (if Plaintiff's

motion is denied) or to the Second Amended Complaint (if Plaintiff's motion is granted).

IT IS FURTHER ORDERED that the Motion to Set Aside Entry of Default and for Extension of Time to File Responsive Pleadings [doc. #37] filed by Defendants Minchew and Howard, the Motion to Set Aside Entry of Default and for Extension of Time to File Responsive Pleadings [doc. #38] filed by Defendant Wilkins, the Motion to Set Aside Entry of Default and for Extension of Time to File Responsive Pleadings (Official Capacity Only) [doc. #39], as amended by [doc. #61], filed by Defendant Frazier, and the Motion to Set Aside Default [doc. #53] filed by Defendant Gault are all GRANTED IN PART AND DENIED IN PART. The motions are GRANTED to the extent that the entries of default are SET ASIDE as to each of these Defendants. The motions are also GRANTED to the extent that Defendants seek extensions of time to answer or respond. Defendants are granted an extension of time up to and including November 16, 2026, to file any opposition to Plaintiff's Motion for Leave to File Second Amended Complaint. Defendants are also granted an extension of time of twenty-one days from the date an order on Plaintiff's Motion for Leave to File Second Amended Complaint issues to file an answer or responsive pleading to either the Amended Complaint (if Plaintiff's motion is denied) or to the Second Amended Complaint (if Plaintiff's motion is granted). To the extent that moving Defendants sought different relief, their motions are DENIED.

IT IS FURTHER ORDERED Van Hook's Motion to Preserve Evidence [doc. #36] is DENIED, subject to his right to re-urge the motion as to non-parties, Timothy A. Touchet, Cadence Bank, or their "asset management contractors" if Van Hook confirms that Touchet, Cadence Bank, and the unidentified asset management contractors have (or at least potentially have) relevant evidence to be preserved and he can clearly identify the list of evidence sought to be preserved to the Court.

MONROE, LOUISIANA, this 9th day of November, 2026.

Kayla D. McClusky
United States Magistrate Judge